UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-07092-SPG | Date | October 18, 2023 |
| Title | Jessica Marie Shaver v. Libbey Glass LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

The Complaint in this case seeks damages for injuries resulting from a broken glass, allegedly manufactured by Defendant. (ECF No. 6-1). Defendant removed the action from state court, invoking diversity jurisdiction. (ECF No. 6).

The Court questions its jurisdiction over the action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues *sua sponte*). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Here, the amount in controversy is not clear from the face of the Complaint. Plaintiff's form Complaint filed in state court indicates that the amount demanded exceeds $25,000, but nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. (ECF No. 6-1 at 1). Plaintiff pleads that she will seek damages "in an amount to be proven at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-07092-SPG | Date | October 18, 2023 |
|---|---|---|---|
| Title | Jessica Marie Shaver v. Libbey Glass LLC, et al. | | |

trial." (ECF No. 6-1 at 4). Defendant's Notice of Removal asserts that, because Plaintiff's Complaint seeks compensatory and punitive damages and Plaintiff has declined to stipulate that her total damages do not exceed $75,000, the amount in controversy is satisfied. *See* (ECF No. 6 at 2, 5). However, such conclusory assertions are not sufficient. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); *see also Gaus v. Miles*, Inc., 980 F.2d 564, 567 (9th Cir.1992) (per curiam) (noting that a conclusory allegation does not "overcome[] the strong presumption against removal jurisdiction[.]") (internal quotation omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) (remanding matter to district court due to serious question of whether the amount in controversy requirement had been met because the plaintiff's state law claim only "requested a sum in excess of $50,000 general damages plus unspecified amounts of other damages" and defendant removal notice contained conclusory allegations that the amount in controversy exceeded $75,000).

The Court orders Defendant to show cause why the case should not be remanded for lack of jurisdiction. Defendant shall file a written response within 14 calendar days either consenting to remand or establishing by a preponderance of evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring "[e]vidence establishing the amount . . . when . . . the court questions[] the defendant's allegation" of the amount in controversy). Plaintiff may respond to Defendant's response within seven calendar days of its filing.

**IT IS SO ORDERED.**

: 

Initials of Preparer    pg